COMPREHENSIVE ENGINEERING )
ASSISTANCE ASSOCIATION, INC., )
)
      Plaintiff/Appellant, )
) Davidson Chancery
) No.  95-621-II
VS. )
) Appeal No.
) 01-A-01-9602-CH-00055
STATE OF TENNESSEE, )
DEPARTMENT OF LABOR AND )
AL BODIE, COMMISSIONER OF THE )
DEPARTMENT OF LABOR, IN HIS )
OFFICIAL CAPACITY, )
)
      Defendants/Appellees. )

FILED

July 3, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE CHRISTINA NORRIS, CHANCELLOR PRO TEMPORE


Carl W. Eshbaugh
ESHBAUGH, SIMPSON AND VARNER
1776 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
ATTORNEY FOR PLAINTIFF/APPELLANT


CHARLES W. BURSON
Attorney General & Reporter

MICHELLE K. HOHNKE
Assistant Attorney General
General Civil Division
404 James Robertson Parkway
Suite 1510
Nashville, Tennessee 37243-0499
FOR DEFENDANTS/APPELLEES


AFFIRMED AND REMANDED

                                 HENRY F. TODD
                                 PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

COMPREHENSIVE ENGINEERING )
ASSISTANCE ASSOCIATION, INC., )
)
    Plaintiff/Appellant, )
)     Davidson Chancery
)     No. 95-621-II
VS. )
)     Appeal No.
)     01-A-01-9602-CH-00055
STATE OF TENNESSEE, )
DEPARTMENT OF LABOR AND )
AL BODIE, COMMISSIONER OF THE )
DEPARTMENT OF LABOR, IN HIS )
OFFICIAL CAPACITY, )
)
    Defendants/Appellees. )


O P I N I O N


The captioned plaintiff has appealed from an order of the Trial Court reading as

follows:

> This matter came to be heard on June 2, 1995, upon the
> motion to dismiss filed on behalf of the defendants, Tennessee
> Department of Labor and Al Bodie, Commissioner of the
> Tennessee Department of Labor. Upon consideration of the
> pleadings filed and the argument of counsel, the Court finds
> that this matter should be dismissed on the basis that the Court
> lacks jurisdiction as the petition for judicial review was not
> filed within sixty days of the final agency action as required by
> T.C.A. §4-5-322. Therefore, it is hereby ORDERED that the
> defendants' motion to dismiss is GRANTED. Costs shall be
> taxed to the petitioner.


On appeal, plaintiff presents a single issue as follows:

> Did the Chancery Court err in dismissing this matter for lack
> of jurisdiction on the basis that the complaint was not timely
> filed?


The complaint filed on February 24, 1995, states:

> . . . (3) Jurisdiction of this court is involved by virtue of the
> Uniform Administrative Procedures Act for the State of
> Tennessee, Tennessee Code Annotated 4-5-101 et seq in
> general and Tennessee Code Annotated 4-5-322 in particular.

> (4) This action is brought within 60 days of the plaintiff's
> notice of entry of the agency's final decision of this case as
> required by Tennessee Code Annotated 4-5-322(b)(1), said
> notice being given on January 5, 1995, in a letter from

Commissioner James R. White to the attorney for the plaintiff. Pursuant to the Federal Government Jobs Training Act set forth in 29 <u>United States Code</u> 1503 <u>et seq.</u>

The complaint alleges a contract between plaintiff and Knox County Community action Committee (CAC) to furnish computer aided drafting training which contract was "under the control and review" of the Department of Labor and its Commissioner. The contract, which is exhibited to the complaint, states:

> This agreement is made and executed in Knoxville, Tennessee, on the fourteenth day of February, 1989, by and between:
>
> Knoxville-Knox County Community Action Committee (CAC). A public agency with full designated legal authority to administer employment and training programs on behalf of the chief elected officials of Knoxville, Knox County, and the private industry council of Job Skills Training District Number Three.
>
> AND
>
> Comprehensive Engineering Assistance Association, with full legal authority to do business in the State of Tennessee, and hereafter referred to as "subcontractor."
>
> WITNESSETH:
>
> Whereas, this agreement is a subcontract under CAC-administered contract(s) with the State of Tennessee to provide employment and training services under the Job Training Partnership Act (JTPA), . . . .
>
> 4. Method of Payment. Payments will be made by the CAC to the subcontractor according to the following provisions: . . . .

The contract contains no reference to the Labor Department or its commissioner.

The complaint further alleges that a dispute arose between the parties to the contract regarding payment of an unspecified amount claimed by plaintiff; that, at the request of plaintiff, the Department of Labor "reviewed the dispute" and, on May 29, 1992, wrote plaintiff a letter containing the following:

> This letter constitutes our final determination for payment of services under contract #99-STO-9-024 between Knoxville-Knox County Community Action Committee (SDA 3), and

Comprehensive Engineering Assistance Association, Inc. for computer aided drafting training covering the period of February 1989 through September, 1989.

. . . .

We were able to find documentation for 40 employability development plans and enrollment and 10 certificates of participant orientation. Payment can be made as follows:

40 Employability Development Plans @ $200.00 each $8,000.00

10 Certificates of Orientation @ $200.00 each <u>$2,000.00</u>
     Total Allowable Payment  $10,000.00

. . . .

If you accept this determination, attach a copy of this letter and the list of participants to an invoice for $10,000.00. Include the following statement on the invoice: "This amount constitutes full and complete payment for services under contract number 99-STO-9-024 and no further claims will be submitted." Sign the invoice and submit it no later than June 30, 1992 to: Mrs. Barbara Kelly, Deputy Director, Knoxville-Knox County Community Action Committee, P.O. Box 1650, 2247 Western Avenue, Knoxville, TN 37950-1650. If you choose not to accept this determination, then the determination made by SDA 3 is upheld.

It is further alleged that, on July 20, 1992, plaintiff requested "further review of the dispute with a hearing" in response to which "the agents" of the Department "informed" plaintiff that the matter was still "pending before the department;" that the Department "requested further information" which was furnished on June 23, 1993, and that, on August 30, 1993, the department wrote plaintiff's counsel a letter containing the following:

I have reviewed this file and found that a final determination was issued on May 29, 1992 allowing payment of $10,000.00 for the contractual activities. Your client, Mr. Emmuel Bailey, was to Invoice Service Delivery Area (SDA) Knoxville-Knox County Community Action Agency no later than June 30, 1992 to collect these funds.

On July 2, 1992 an extension was given to July 20, 1992 to invoice the SDA. After that date the matter was closed.

The letter of July 2, 1992 constituted closure of these files.

-4-

The complaint further alleges that, on some unspecified date after August 30, 1993, the Assistant Commissioner of Labor "contacted" plaintiff and "informed" plaintiff that "the defendant" would attempt to resolve the dispute by negotiation and that "the matter had not been closed by the department."

The complaint further alleges that, on July 21, 1994, plaintiff inquired as to "the status of the matter;" and the Commissioner responded on October 26, 1994, in part as follows:

> This is in response to your letter of July 21, 1994, concerning the above referenced contract. My staff has reviewed this file beginning with the performance based contract executed on February 14, 1989. This contract was to provide a Computer Assistance Drafting Training Program to JTPA participants. We also reviewed the audit performed by the State of Tennessee, Office of the Comptroller, dated September 20, 1990, denial of payment by SDA 3 dated December 9, 1991, and all documents received and submitted since May, 1992.
>
> . . . .
>
> Your recent letter dated July 11, 1994, was the first formal indication I have had that there is still an issue on your part. In your letter, you indicated some type of commitment was made by Mr. Emmett Edwards, who is no longer with the Department of Labor. If Mr. Edwards made any statements or commitments to you after the final determination was made, he was out of order. Mr. Edwards never consulted with me regarding any agreement to reopen this case.
>
> The letter of July 2, 1992, which allowed an extension of time to submit an invoice to CAC (SDA 3), for $10,000.00 by July 20, 1992 constituted closure of these files.

The complaint prayed:

> . . . (B) That the Court review this matter and grant the plaintiff judgment for its contract amount plus interest thereon; or
>
> (C) In the alternative that the Court order the Department of Labor to hold hearings on this matter within a reasonable period of time so that there will be a record of the hearing of this dispute which can later be reviewed by this Court if necessary.
>
> (D) Other relief to which the plaintiff is entitled.

Although not alleged or evidenced in the record, the brief of the defendants states that this controversy arose out of a federal grant of funds to the governor to be disbursed to local citizens committees for job training and that the governor designated the Department of Labor to administer the fund. No Tennessee statute is cited or found which authorizes or controls this activity of the Labor Department.

It is doubtful that the actions of the Department or of the commissioner in this case are governed by the provisions of the Administrative Procedure Act. TCA §4-3-1403 lists the duties of the Commissioner of Labor which do not include the activities described in this record.

If neither defendant had authority to entertain a "contested case" to decide the present controversy, it would seem that the courts would have no authority to entertain a petition for review under the Administrative Procedures Act, except to invalidate the administrative decision as *ultra vires.*

It is possible that, if the department had the authority to and did authorize the activities of the local CAC, and had funds available to fund such activities a claim against the state before the Claims Commission might have been appropriate. Such relief is not sought in the present case.

TCA Section 4-5-102 describes a "contested case" as one in which legal rights are required by any statute or constitutional provision to be determined by an agency after an opportunity for hearing. No such statute or constitutional provision is cited or found which requires a determination of this controversy by the Department of Labor or its Commissioner.

In any event, the complaint in the present case expressly sought relief under the Administrative Procedure Act, §4-5-322(b)(1) of which requires application for judicial

review to be filed within sixty days after the administrative decision to be reviewed. It is obvious from the excerpts from the complaint and exhibits quoted above, that such sixty days had long since expired when the present judicial proceeding was commenced.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for any necessary further procedures.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE